IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2003

## EDDIE HOWARD PITTMAN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C02-131     Roger A. Page, Judge**

—

**No. W2002-02892-CCA-R3-PC - Filed March 18, 2004**

—

JOE G. RILEY, J., dissenting.

Although I agree with many of the conclusions set forth in the majority opinion, I respectfully disagree with its primary conclusion that the petitioner did not establish ineffective assistance of counsel. In my view, he established deficiency and prejudice. *See* Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

I conclude counsel was deficient to the prejudice of the petitioner in the following respects:

(1) Failing to call Evelyn Donita Shaw to testify about the numerous calls she received from Ms. Luster. Although the content of the conversations may have been hearsay, the fact that numerous calls were made would not be hearsay.

(2) Failing to call Eugenia Pharmer to testify that the victim stated after the preliminary hearing that he could not at that point "back out" of the prosecution because they would get him for "false something." Ms. Pharmer could also corroborate that the petitioner and Ms. Luster were seeing each other.

(3) Failing to call Officer Smith to testify that he searched the defendant fifteen minutes before the alleged assault and the petitioner did not have a weapon. The jury might also infer from such testimony that it would be unlikely for the defendant to have entered the nearby residence and committed an armed assault after he was searched by a policeman fifteen minutes earlier.

(4) Failure to discover and introduce evidence relating to the victim's numerous convictions for crimes involving dishonesty.

The state has advanced no evidence or argument indicating these failures related to tactical decisions. *See generally,* Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

This is indeed a close case. More significantly, it was a close case at trial. Trial counsel stated it was one of the closest cases in his career with the jury deliberating several hours over a period of two days. Although any one of the above listed deficiencies might not be enough to establish prejudice, I believe the combination of the deficiencies, along with the other bizarre facts and circumstances, establish prejudice.

Accordingly, I would reverse the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE